P. MATTHEW COX (9879)
SPENCER FANE LLP
10 Exchange Place, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
Email: mcox@spencerfane.com

*Attorneys for Defendant Jose Sarti*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>POWER BLOCK COIN, LLC,<br><br>Debtor. | **ANSWER OF DEFENDANT JOSE SARTI TO PLAINTIFF'S COMPLAINT TO AVOID AND RECOVER UNAUTHORIZED POST-PETITION TRANSFERS**<br><br>Case No. 24-23041<br><br>Chapter 11<br><br>Hon. Cathleen D. Parker |
| ANGELA J. SOMERS, as the Chapter 11 Trustee for the bankruptcy estate of POWER BLOCK COIN, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COINBASE GLOBAL, INC.; COINBASE, INC.; COINBASE FINANCIAL MARKETS, INC.; and JOSE SARTI,<br><br>Defendants. | Adv. Pro. No. 26-02144 |

Defendant Jose Sarti ("Defendant" or "Sarti") hereby answers the Complaint filed by Plaintiff Angela J. Somers, the Chapter 11 Trustee (the "Trustee") of the estate of Power Block Coin, LLC (the "Debtor") (the "Complaint"). Headings in the Complaint are reproduced below for convenience only; Sarti does not admit any characterization contained in a heading and denies each to the extent it is construed as a factual allegation.

## INTRODUCTION

Sarti denies the allegations contained in the unnumbered introductory paragraphs of the Complaint (including the paragraph beginning Plaintiff Angela J. Somers … and the paragraphs under the heading I. INTRODUCTION). To the extent those paragraphs characterize the transferred Bitcoin as estate-owned cryptocurrency or property of the estate, assert that the Debtor took title to deposited cryptocurrency, assert that the cryptocurrency was commingled so as to become property of the estate, or assert that the transfers to Sarti were unauthorized or avoidable, Sarti specifically denies each such allegation. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Debtor's internal records, its Statement of Financial Affairs, and its other filings, and on that basis denies them.

## II. JURISDICTION AND VENUE

1. Sarti admits the allegations of this paragraph.

2. Sarti denies the allegations of paragraph 2, including any characterization of this proceeding as core to the extent it implicates the Court's constitutional authority to enter a final judgment, and states that **Sarti does not consent** to the entry of final orders or judgment by the Bankruptcy Court and reserves all rights.

3. Sarti admits the allegations of this paragraph.

4. Sarti admits that the Trustee purports to proceed under 11 U.S.C. §§ 502, 549, and 550 and Federal Rules of Bankruptcy Procedure 7001(1) and 7001(2). Sarti denies that the Trustee is entitled to any relief under those provisions and denies the remaining allegations of paragraph 4.

## III. PARTIES

5. Sarti admits the allegations of this paragraph.

6. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Coinbase Defendants and on that basis denies them.

7. Sarti admits that he is an individual. Sarti denies the characterization that he received, or for whose benefit were made, transfers that are properly the subject of avoidance or recovery, and denies that any transfer to him was a transfer of property of the estate.

## IV. PROCEDURAL BACKGROUND

8. Sarti admits that the Debtor did business as "SmartFi" and operated an online cryptocurrency platform. Sarti lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 8 and on that basis denies them.

9. Sarti admits that the Debtor filed a voluntary Chapter 11 petition on June 20, 2024 (the "Petition Date"), commencing Case No. 24-23041. Sarti lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 9 and on that basis denies them.

10. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Debtor's Schedules, amendments, and Statement of Financial Affairs, including Part 11 thereof, and on that basis denies them.

11. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

12. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Debtor's subchapter V election and the appointment of the Official Committee of Unsecured Creditors, and on that basis denies them, except that the referenced docket entries speak for themselves.

13. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them, except that the referenced docket entries speak for themselves.

14. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them, except that the referenced docket entry and record speak for themselves.

15. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them, except that the referenced docket entries speak for themselves.

16. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them, except that the referenced docket entries speak for themselves.

17. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them, except that the referenced docket entry speaks for itself.

18. Sarti admits that Angela J. Somers was appointed Chapter 11 Trustee on or about May 8, 2026. Sarti lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 18 and on that basis denies them, except that the referenced docket entry speaks for itself.

## V. BACKGROUND ON CRYPTOCURRENCY

19. Sarti admits the general description of cryptocurrency as a form of digital asset recorded electronically, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

20. Sarti admits the general descriptions of Bitcoin, Ether, and stablecoins, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

21. Sarti admits the general description of blockchains, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

22. Sarti admits the general description of digital wallets, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

23. Sarti admits the general description of public addresses, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

24. Sarti admits the general description of private keys, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

25. Sarti admits that custodial wallets are held and managed by a third party and that non-custodial wallets are held by the owner. Sarti admits that the Debtor held customers' cryptocurrency in custodial wallets that the Debtor controlled, and denies any characterization that the Debtor's custody or control of such cryptocurrency rendered it property of the Debtor or of the estate. Control is not title.

## VI. THE DEBTOR'S BUSINESS AND THIRD-PARTY PROVIDERS

26. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Debtor's ownership and operation and on that basis denies them.

27. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Debtor's lines of business and on that basis denies them.

28. Sarti admits that the Debtor provided a platform through which customers could deposit, trade, and withdraw cryptocurrency and that the Debtor maintained custodial wallets holding customers' cryptocurrency. Sarti denies any characterization that such custody rendered the cryptocurrency property of the Debtor or of the estate, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies them.

29. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Debtor's "SmartINTEREST" accounts and lending business and on that basis denies them.

30. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Debtor's crypto-backed loans and on that basis denies them.

31. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

32. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Debtor's liquidity providers and on that basis denies them.

33. Sarti admits that the Debtor used Fireblocks LLC ("Fireblocks") as a cryptocurrency custody provider and admits the general description of a cryptocurrency custodian. Sarti otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies them.

34. Sarti admits that Fireblocks organizes assets into vaults and vault accounts. Sarti denies any characterization that the use of vaults and vault accounts rendered customer cryptocurrency property of the Debtor or of the estate, and avers that, under the Fireblocks vault architecture, each end client is assigned a dedicated deposit address (and, for account-based assets, a dedicated vault account with its own keys), so that customer deposits remain identifiable. Sarti otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies them.

35. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Debtor's internal "Ledger" and SQL database and on that basis denies them.

## VII. THE DEBTOR'S COLLAPSE

36. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

37. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

38. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Debtor's shortfall and obligations and on that basis denies them.

39. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

## VIII. THE CRYPTO HELD BY THE DEBTOR WAS PROPERTY OF THE DEBTOR'S ESTATE

40. Sarti denies that all cryptocurrency deposited with the Debtor was property of the estate under 11 U.S.C. § 541, and denies both asserted bases for that conclusion. Sarti specifically denies that the Debtor's Terms of Use transferred title to custodial wallet assets and denies that any commingling by the Debtor rendered customer cryptocurrency property of the estate.

41. Sarti denies the allegations. Sarti avers that the Debtor offered distinct products governed by distinct terms, and that the custodial "Smart Wallet" service did not transfer title to or ownership of the cryptocurrency a customer placed in it. The Terms of Use speak for themselves.

42. Sarti denies the allegations. Sarti avers that the quoted title-transfer language applied only to assets enrolled in the Debtor's interest-bearing program and granted in

consideration for rewards earned, and did not apply to assets held in the custodial Smart Wallet. The Terms of Use speak for themselves, and Sarti refers the Court to them.

43. Sarti denies the allegations. The Terms of Use speak for themselves. Sarti avers that the custodial wallet provisions did not disclaim ownership by the customer and did not transfer title to the Debtor.

44. Sarti denies the allegations. Sarti denies that a customer who placed cryptocurrency in the custodial Smart Wallet relinquished ownership, and denies the "bank deposit" analogy as applied to custodial assets.

45. Sarti denies the allegations, and specifically denies that the Bitcoin transferred to him was property of the estate.

46. Sarti denies the allegations, and specifically denies that commingling by the Debtor rendered any customer cryptocurrency property of the estate.

47. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Sarti denies the allegations of this paragraph.

48. Sarti denies the allegations and legal conclusions, including the assertion that the deposited cryptocurrency cannot be traced. Sarti avers that each customer was assigned a dedicated deposit address, that any pooling occurred only upon a dated, on-chain sweep performed by the Debtor, and that ownership of property held for another is not defeated by the holder's own commingling.

49. Sarti admits, on information and belief, that each customer was assigned a unique deposit address, and denies the remaining allegations, including any characterization that the Debtor's use of omnibus wallets converted customer property into property of the estate.

50. Sarti admits, on information and belief, that each customer had its own unique deposit address used to deposit cryptocurrency with the Debtor, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and the referenced chart, and on that basis denies them.

51. Sarti admits, on information and belief, that cryptocurrency was first deposited into a wallet associated with the depositing customer, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

52. Sarti admits, on information and belief, that the Debtor at times “swept” cryptocurrency from individual customer wallets into omnibus wallets it controlled, and denies the allegation that such sweeping rendered customer cryptocurrency untraceable or property of the estate. Sarti avers that each sweep was a dated, on-chain transaction performed by the Debtor.

53. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and the referenced example and on that basis denies them, and denies any characterization that the Debtor’s conduct converted customer property into property of the estate.

54. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and the referenced example and on that basis denies them.

55. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them, and denies any legal conclusion that the described conduct rendered customer cryptocurrency property of the estate.

56. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and the referenced depiction and on that basis denies them.

57. Sarti denies the allegations, including the assertion that pooling rendered it impossible to conclude that cryptocurrency paid to a customer was traceable.

58. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

59. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning "gas fees" and on that basis denies them.

60. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

61. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

62. Sarti denies the allegations, including the characterization of gas fees as "commingling."

63. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning "Gas Stations" and on that basis denies them.

64. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

65. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and the referenced image and on that basis denies them.

66. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

67. Sarti denies the allegations, including any legal conclusion that the described conduct converted customer property into property of the estate.

68. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Debtor's handling of cash and fiat and on that basis denies them.

69. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Debtor's bank accounts and on that basis denies them.

## IX. TRANSFERS AT ISSUE

70. Sarti admits that beginning in or about 2021 he deposited funds with the Debtor. Sarti lacks knowledge or information sufficient to form a belief about the precise figure as stated in the Debtor's records and, to that extent, denies the allegation.

71. Sarti admits the allegations of this paragraph.

72. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegation as to the precise amount and timing as stated and, to that extent, denies it; Sarti admits that Bitcoin held in his account was liquidated in or about May 2024.

73. Sarti admits that he received Bitcoin. Sarti denies the remaining allegations of this paragraph, including any allegation as to the date or dates on which any transfer occurred. Sarti affirmatively alleges that any property he received was his own property and not property of the estate.

74. Sarti admits that he received Bitcoin. Sarti denies the remaining allegations of this paragraph, including any allegation as to the date or dates on which any transfer occurred. Sarti affirmatively alleges that any property he received was his own property and not property of the estate.

75. Sarti admits that he received Bitcoin. Sarti denies the remaining allegations of this paragraph, including any allegation as to the date or dates on which any transfer occurred. Sarti affirmatively alleges that any property he received was his own property and not property of the estate.

76. Sarti admits that he received Bitcoin. Sarti denies the remaining allegations of this paragraph, including any allegation as to the date or dates on which any transfer occurred. Sarti affirmatively alleges that any property he received was his own property and not property of the estate.

77. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the transaction hashes and on that basis denies them.

78. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning blockchain-analytics attributions and the Coinbase address and on that basis denies them.

79. Sarti denies the legal conclusions of paragraph 79, including the characterization of any party as an initial transferee, immediate or mediate transferee, or entity for whose benefit within the meaning of 11 U.S.C. § 550(a), and denies that the transferred Bitcoin was property of the estate.

80. Sarti denies the allegations and legal conclusions, including that the transfers were made on account of a pre-petition claim or that the return of his own property constituted the payment of an unsecured claim or a transfer outside the ordinary course of business.

81. Sarti denies the allegations and legal conclusions, including the characterization that he received a percentage of an "account balance" at the expense of other creditors, and denies that the transferred Bitcoin was property of the estate.

## X. THE CRYPTO TRANSFERS AT ISSUE WERE COMMINGLED BY THE DEBTOR

82. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Debtor's handling of withdrawal requests generally and on that basis denies them, and denies any legal conclusion that such conduct rendered the transferred Bitcoin property of the estate.

83. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and the referenced chart and on that basis denies them.

84. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them, and denies the legal conclusion that the Debtor transferred "estate assets."

85. Sarti denies the allegations and legal conclusions of paragraph 85.

86. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning SmartFi Omnibus Wallet ~qcp2 and on that basis denies them, and denies the legal conclusion that the assets were not attributable to any specific customer.

87. Sarti denies the allegations and legal conclusions of paragraph 87.

88. Sarti denies the allegations and legal conclusions, including that the Debtor's Terms of Use or any commingling rendered the transfers a transfer of property of the estate.

89. Sarti denies the allegations and legal conclusions, including that the transfers were property of the estate or are voidable under 11 U.S.C. § 549(a).

**CLAIM I**
**Avoidance of Unauthorized Post-Petition Transfers Against Coinbase Defendants**
**(11 U.S.C. § 549)**

90. Sarti repeats and incorporates by reference his responses to the foregoing paragraphs as if fully set forth herein.

91. Sarti denies the allegations and legal conclusions, including that the transfers were transfers of property of the estate within the meaning of 11 U.S.C. § 541.

92. Sarti admits that he received Bitcoin. Sarti denies the remaining allegations of this paragraph, including any allegation as to the date or dates on which any transfer occurred. Sarti affirmatively alleges that any property he received was his own property and not property of the estate.

93. Sarti denies the allegation that the transfers were not in the ordinary course of business, to the extent it assumes the transferred Bitcoin was property of the estate, and otherwise denies the allegation.

94. Sarti denies the allegation that the transfers were not withdrawals of customer-owned cryptocurrency; the transfers were the return of Sarti's own property.

95. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Court authorization and on that basis denies them, and denies the legal conclusion that authorization was required for the return of property that was not estate property.

96. Sarti denies the legal conclusions concerning the Coinbase Defendants' status as transferees within the meaning of 11 U.S.C. § 550.

97. Sarti denies the allegations and legal conclusions, including that the transfers are avoidable under 11 U.S.C. § 549(a) or recoverable under 11 U.S.C. § 550(a), and denies that the Trustee is entitled to any relief.

**CLAIM II**
**Avoidance of Unauthorized Post-Petition Transfers Against Sarti**
**(11 U.S.C. § 549)**

98. Sarti repeats and incorporates by reference his responses to the foregoing paragraphs as if fully set forth herein.

99. Sarti denies the allegations and legal conclusions, including that the transfers were transfers of property of the estate within the meaning of 11 U.S.C. § 541.

100. Sarti admits that he received Bitcoin. Sarti denies the remaining allegations of this paragraph, including any allegation as to the date or dates on which any transfer occurred. Sarti affirmatively alleges that any property he received was his own property and not property of the estate.

101. Sarti denies the allegation that the transfers were not in the ordinary course of business, to the extent it assumes the transferred Bitcoin was property of the estate, and otherwise denies the allegation.

102. Sarti denies the allegation that the transfers were not withdrawals of customer-owned cryptocurrency; the transfers were the return of Sarti's own property.

103. Sarti lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Court authorization and on that basis denies them, and denies the legal conclusion that authorization was required for the return of property that was not estate property.

104. Sarti denies the legal conclusions concerning his status as an initial transferee, entity for whose benefit the transfers were made, or immediate or mediate transferee within the meaning of 11 U.S.C. § 550(a).

105. Sarti denies the allegations and legal conclusions, including that the transfers are avoidable under 11 U.S.C. § 549(a) or recoverable under 11 U.S.C. § 550(a), and denies that the Trustee is entitled to any relief.

**CLAIM III**
**Disallowance of Claims**
**(11 U.S.C. § 502(d))**

106. Sarti repeats and incorporates by reference his responses to the foregoing paragraphs as if fully set forth herein.

107. Sarti denies the allegations and legal conclusions, including that he is a transferee of a transfer avoidable under any section pleaded or an entity from which property is recoverable under 11 U.S.C. § 550.

108. Sarti denies the allegations and legal conclusions, and avers that 11 U.S.C. § 502(d) has no application to him because he has not filed a proof of claim against the Debtor or the estate, and because there has been no determination that he is liable for any avoidable transfer.

**PRAYER FOR RELIEF**

109. Sarti denies that the Trustee is entitled to any of the relief requested in paragraph 109 and its subparts, including avoidance under § 549(a), recovery under § 550, disallowance under § 502(d), interest, costs, or attorneys' fees, and denies that the Trustee is entitled to judgment in any amount.

110. Sarti denies each and every allegation of the Complaint not specifically admitted herein.

**DEFENSES**

Sarti asserts the following defenses. In pleading these defenses, Sarti does not assume any burden of proof that the law places on the Trustee, and asserts each defense based on information presently available, subject to amendment as investigation and discovery proceed.

**First Defense (Failure to State a Claim).** The Complaint fails to state a claim upon which relief can be granted. A transfer is avoidable under 11 U.S.C. § 549(a) only if it is a transfer of property of the estate. Because the Bitcoin transferred to Sarti was not property of the estate, the Complaint fails to plead an essential element of its § 549 claims, and the derivative § 550 and § 502(d) claims fail with them.

**Second Defense (Insufficiently Pleaded Elements).** The Complaint fails to plead sufficient facts to support the necessary elements of an avoidance and recovery action under §§ 549 and 550, including, without limitation, sufficient facts to establish that the transferred Bitcoin was property of the estate, that the transfers were transfers of the Debtor's property made by or on behalf of the Debtor, that Sarti was an "initial transferee" or an "entity for whose benefit" any transfer was made within the meaning of § 550(a), and that any antecedent debt or account balance existed in the nature and amount alleged.

**Third Defense (The Transferred Bitcoin Was Not Property of the Estate).** The Bitcoin transferred to Sarti was at all times his property and never became property of the Debtor's estate under 11 U.S.C. § 541. Sarti's assets were held in the Debtor's custodial "Smart Wallet" service, the terms of which claimed only possession and control and never transferred

title or ownership to the Debtor. The Debtor's exclusive control over custodied assets is not ownership; a custodian's control of what it holds for another is the essence of custody, not a transfer of title.

**Fourth Defense (No Transfer of Estate Property by the Debtor — 11 U.S.C. § 549(a)).** One or more of the transfers the Trustee seeks to avoid were not transfers of property of the Debtor or its estate, and/or were not made by the Debtor or on the Debtor's behalf, and therefore are not avoidable under § 549(a). To the extent any transfer is later determined not to have been property of the Debtor or its estate, the Trustee may not avoid or recover it.

**Fifth Defense (Commingling Does Not Defeat Ownership; Traceability).** Any commingling of cryptocurrency goes to tracing, not to title, and does not convert property the Debtor held for its customers into property of the estate. Any pooling or "sweeping" was performed by the Debtor itself, deliberately and through automation it alone configured, under a clause in its own terms; the customer had no signing authority and could neither cause nor prevent it. Under the Fireblocks architecture, each end client was assigned a dedicated deposit address (and, for account-based assets, a dedicated vault account with unique keys), and each sweep was a dated, on-chain transaction, so that customer deposits remain identifiable. To the extent tracing is required, it is governed by the lowest intermediate balance rule and related equitable tracing principles, and the Trustee bears the burden of overcoming Sarti's ownership.

**Sixth Defense (Statute of Limitations — 11 U.S.C. §§ 549(d) and 550(f)).** The Trustee's claims are barred, in whole or in part, by the two-year limitations period of 11 U.S.C. § 549(d), and any recovery claim is barred by the limitations period of 11 U.S.C. § 550(f). An

action under § 549 may not be commenced after two years from the date of the transfer sought to be avoided, and the limitations period is computed separately for each transfer.

**Seventh Defense (Lack of Standing).** The Trustee lacks standing to bring the claims asserted, in whole or in part, including to seek avoidance or recovery of any transfer that was not a transfer of property of the Debtor or its estate or that was not made by or on behalf of the Debtor.

**Eighth Defense (Return of the Defendant's Own Property; Transfers Authorized or in the Ordinary Course).** Because the transferred Bitcoin was Sarti's property and not property of the estate, its delivery to Sarti was not an unauthorized post-petition transfer of estate property within the meaning of § 549(a). To the extent the transfers are deemed to involve estate property, they were authorized and/or made in the ordinary course of the Debtor's custodial business of returning customer assets on request.

**Ninth Defense (Transfers Authorized by the Bankruptcy Code, the Court, Statute, or Contract).** The Trustee's claims are barred, in whole or in part, to the extent the transfers were authorized by the Bankruptcy Code and/or the Bankruptcy Court, or were authorized by statute or by contract, including the Debtor's Terms of Use governing the return of custodial assets to their owner.

**Tenth Defense (Good-Faith Transferee — 11 U.S.C. § 550(b)).** To the extent Sarti is found to be an immediate or mediate transferee of any transfer (rather than an initial transferee), the Trustee's recovery is barred under 11 U.S.C. § 550(b) because Sarti took for value, in good faith, and without knowledge of the voidability of any transfer.

**Eleventh Defense (Value; No Avoidable Transfer).** To the extent the transfers are deemed to have satisfied any obligation of the Debtor to Sarti, Sarti gave value, and the transfers represented the return of value to which Sarti was entitled.

**Twelfth Defense (Single Satisfaction — 11 U.S.C. § 550(d)).** The Trustee is entitled to only a single satisfaction under 11 U.S.C. § 550(a). The Trustee may not recover the same Bitcoin, or the value of the same Bitcoin, from both Sarti and the Coinbase Defendants, and any recovery must be reduced by amounts recovered or settled with any other defendant on account of the same transfers.

**Thirteenth Defense (Recovery and Valuation Limits).** Any recovery is limited by 11 U.S.C. § 550 and applicable law, including as to the proper measure and valuation date of any judgment, and the Trustee is not entitled to a value measured as of the date of judgment where that measure would exceed a single satisfaction or the value of the property actually received.

**Fourteenth Defense (No Basis for Interest, Costs, or Fees).** The Trustee has not pleaded any statutory or factual basis for the recovery of interest, costs, or attorneys' fees as to any alleged avoidable transfer, and is not entitled to such relief.

**Fifteenth Defense (Setoff/Recoupment).** To the extent Sarti is determined to hold a claim against the Debtor or the estate, Sarti is entitled to setoff and/or recoupment against any amount determined to be owed to the Trustee.

**Sixteenth Defense (Accord and Satisfaction; Payment; Waiver; Estoppel; Laches; Release; Unclean Hands).** The Trustee's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, payment, consent, license, waiver, release, estoppel, laches, and/or unclean hands.

**Seventeenth Defense (Preclusion).** The Trustee's claims are barred, in whole or in part, by the doctrines of res judicata, judicial estoppel, collateral estoppel, law of the case, and/or other doctrines of preclusion.

**Eighteenth Defense (Failure to Mitigate).** The Trustee's claims are barred or limited, in whole or in part, to the extent the Trustee or the estate has failed to act reasonably to mitigate any alleged damages.

**Nineteenth Defense (Bad Faith; Rule 9011; Costs and Fees).** The relief requested should be denied and the Complaint dismissed with prejudice, in whole or in part, to the extent the Trustee's claims are without merit or asserted in violation of Federal Rule of Bankruptcy Procedure 9011, and Sarti is entitled to his costs, expenses, and attorneys' fees incurred in defending this adversary proceeding.

**Twentieth Defense (Other Applicable Bars; Equity).** The Trustee's claims are barred or limited, in whole or in part, by other applicable statutes or bars not specifically enumerated herein, and to the extent the equities so require.

**Twenty-First Defense (Defenses Based on Present Knowledge).** Sarti's investigation and discovery are ongoing. Sarti asserts the foregoing defenses based on the information presently available and will seek leave to amend to assert any additional defense that investigation or discovery may reveal.

**WHEREFORE**, Defendant Jose Sarti respectfully requests that the Court:

A. Dismiss the Complaint as against Sarti with prejudice and enter judgment in Sarti's favor;

B. Deny the Trustee all relief requested in the Complaint;

C. Award Sarti his costs and, to the extent permitted by law, attorneys' fees; and

D. Grant Sarti such other and further relief as the Court deems just and proper.

DATED: November 6, 2026.

SPENCER FANE LLP

*/s/ P. Matthew Cox*

P. MATTHEW COX

*Attorneys for Defendant Jose Sarti*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, I caused a true and correct copy of the foregoing ANSWER OF DEFENDANT JOSE SARTI TO PLAINTIFF'S COMPLAINT TO AVOID AND RECOVER UNAUTHORIZED POST-PETITION TRANSFERS to be filed electronically with the Court through the CM/ECF system, which sent notice of the filing to all parties and counsel registered to receive electronic notice in this adversary proceeding.

/s/ P. Matthew Cox